*BY THE COURT.
The act of assembly of the 20th [331 February, 1812 (O. Land Laws, 109), expressly makes the proceedings of this company a part of the records of Huron county, and declares certified copies made by the recorder evidence. This makes the records themselves evidence also, for it cannot be seriously urged, that a copy would in any case be held better evidence than the original.
In the further progress of the cause, the plaintiff offered a copy of a deed recorded in the town of New London, in the state of Connecticut, with an act of Connecticut, requiring deeds to be recorded.
BY THE COURT. The title to lands within this state is to be determined by our laws, not those of Connecticut. The legislature of that state have no power to determine what shall be evidence in this; the evidence is rejected.
It was claimed by the defendant, that Cedar Point was wild, unappropriated land, continually making by the casting up of sand by the waters of the Lake; was neither surveyed nor estimated by the Land Company, and that the defendant first tools possession, and appropriated it to his own use, &c.
The plaintiff then proved .that those under whom’he claimed took *338 possession in 1808, shortly after the Indian title was extinguished, and have since paid the taxes.
F. B. Parish for the plaintiff.
He cited 3 John. 375; 9 John. 128.
Coffinberry and Beecher for the defendant.
The case was argued by
WOOD, J. instructed the jury,
1st. That one tenant in common may maintain ejectment against a wrong-doer.
2d. That one having title to wild lands, who pays taxes, and exercises ownership over it, has such a possession that he may maintain ejectment.
Verdict and judgment for the plaintiff.